**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| JENNA BURTON, D.O., : | |
| : | |
| Plaintiff, : | Case No. 3:20-cv-00209 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| KETTERING ADVENTIST HEALTH : | |
| CARE, *et al.*, : | |
| : | |
| Defendants. : | |

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DOC. 15), REMANDING THIS MATTER TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO, AND TERMINATING THIS CASE**

Pending before the Court is a "Motion to Remand" (Doc. 15) (the "Motion"), filed by Plaintiff Jenna Burton, D.O. ("Burton"). Defendants filed a memorandum in opposition to the Motion (Doc. 16), and Burton filed a reply memorandum in support of the Motion (Doc. 17). The Motion is ripe for review. In the Motion, Burton asks the Court to remand this matter back to the state court where it was originally filed because no federal cause of action remains pending. For the reasons discussed below, the Court **GRANTS** the Motion, **REMANDS** this matter to the Court of Common Pleas of Montgomery County, Ohio, and **TERMINATES** this case on the Court's docket.

**I.      BACKGROUND**

On May 11, 2020, Burton filed her Complaint against Defendants in the Common Pleas Court of Montgomery County, Ohio. (Doc. 1-1 at PAGEID # 5-32.) On May 26, 2020, Burton

1

filed a motion for preliminary injunction, seeking reinstatement into the residency program at Kettering Medical Center ("KMC") by no later than July 1, 2020.  (*See* Doc. 5.)  On June 2, 2020, Defendants removed the case to federal court.  (Docs. 1, 3.)  On June 10, 2020, Burton filed a motion for temporary restraining order ("TRO"), seeking the same relief as her motion for preliminary injunction.  (Doc. 9.)  On June 17, 2020, this Court issued an Order that denied the motion for TRO.  (Doc. 12.)  On June 29, 2020, Burton withdrew her pending motion for preliminary injunction and filed an amended complaint in which she dropped her two federal-law claims, leaving only her three state-law claims.  (Docs. 13, 14.)  On July 3, 2020, Burton filed the Motion, seeking remand to state court.  (Doc. 15.)

## II.  ANALYSIS

The issue presented involves whether this Court should exercise its discretion to retain supplemental jurisdiction over Burton's remaining claims, which are all state-law claims.  The doctrine of supplemental jurisdiction is codified in 28 U.S.C. § 1367.  That section "grants a district court broad discretion to decide whether to exercise jurisdiction over state-law claims that are 'so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting 28 U.S.C. § 1367).  "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Id.* at 951-52 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1998)).  "A district court may also 'consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  If the plaintiff has attempted to manipulate the forum, the court should take this

behavior into account' in determining whether the balance of factors supports a remand of the state-law claims." *Id.* at 952 (quoting *Carnegie-Mellon*, 484 U.S. at 357).

The Sixth Circuit in *Gamel* explained that, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* (internal quotation marks omitted). However, there are "circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Id.* (citing *Harper v. AutoAlliance Intern, Inc.*, 392 F.3d 195 (6th Cir. 2004)).

Here, although the question of forum manipulation is a close one, the Court is not convinced that Burton engaged in manipulative tactics. The Court's order denying the motion for TRO expressly stated: that a TRO "is an extraordinary remedy"; "Burton has not shown that she had a 'strong likelihood of success on the merits of her claims' at this stage of the litigation," and noted that "[t]his finding, as well as the Court's other determinations in this Order, applies only to Burton's T.R.O. Motion"; and that the Court "emphasizes that this is not determinative of a ruling on the P.I. Motion or at a trial on the merits" with respect to any claim. (Doc. 12.) Additionally, contrary to Defendants' implication, that Order does not single out any state law claim. And, after Burton filed her motion for TRO but before Burton amended her complaint to drop the federal-law claims, Defendants filed their Answer (Doc. 10) and Response to the motion for TRO (Doc. 11), both of which attached a number of documents in support of their defenses to Burton's claims. It is the Court's understanding that Burton had not previously seen all of those documents (and Burton's counsel may not have previously seen any of them). Thus, despite the fact that the timing of Burton's amendments to the complaint and motion to remand, coupled with dropping

3

her federal claims, generally supports a finding of manipulative tactics, the Court's Order denying the motion for TRO did not decide any portion of any claim on the merits and documents filed by Defendants after Burton filed the motion for TRO may have affected Burton's decision to drop her federal claims.

Regardless, a finding of forum manipulation is not determinative of the issue. *Gamel*, 625 F.3d at 953 (affirming judgment of district court to remand case back to state court, despite district court having concluded that the plaintiffs had engaged in forum manipulation). The Court finds that none of the other factors weigh in favor of retaining supplemental jurisdiction over Burton's remaining claims. *Id.* Although the Court did rule on Burton's motion for TRO and has invested some time in this case, the litigation is still at its early stages and, to the Court's knowledge, no significant discovery has taken place. Both parties acknowledge that there is little difference in convenience between this federal court and the applicable state court, although Burton does assert that litigating in state court would be less expensive for her. Regarding fairness, Burton chose to file suit in state court and Defendants have not shown that they would suffer prejudice by remanding this action back to state court to decide the (now) three remaining claims. Finally, principles of comity support remanding the case given that no claims involving federal law remain. *See Gamel*, 625 F.3d at 952-53 (affirming judgment of district court, which had determined that the values of judicial economy, convenience, fairness, and comity did not favor retaining supplemental jurisdiction over state-law claims); *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) ("[c]omity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction only in cases where the

interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues") (internal quotation marks omitted).

Therefore, after having considered and weighed applicable factors, this Court declines to exercise its discretion to retain supplemental jurisdiction over Burton's claims. *Gamel*, 625 F.3d at 951-53; *Qaran Fin. Express, LLC v. Hassan*, No. 2:09-cv-250, 2010 WL 11639621 (S.D. Ohio Sept. 3, 2010) (after denying plaintiff's request for a TRO or preliminary injunction, declining to exercise jurisdiction over remaining state-law claims, and thus rendering pending motion for summary judgment—in which plaintiff indicated its intention not to pursue its federal claims—moot, where no significant discovery had taken place, the remaining claims were best adjudicated in state court, and there was no compelling federal interest or policy presented in the remaining claims).

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's "Motion to Remand" (Doc. 15) and **REMANDS** this matter to the Court of Common Pleas of Montgomery County, Ohio. Therefore, this case shall be **TERMINATED** on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 30, 2020.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
